IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREA L. MARION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 1:24-CV-02581-MLB-JCF |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| Defendant | : | |

## **ORDER**

Plaintiff, who is proceeding *pro se*, seeks to file this action without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of Plaintiff's affidavit in support of her request to proceed *in forma pauperis*, the Court **GRANTS** Plaintiff's requests pursuant to 28 U.S.C. § 1915(a), and Plaintiff shall be allowed to proceed without prepayment of filing or United States Marshal Service fees.

Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). A claim is

1

frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. "Additionally, because Plaintiff[ is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiff asserts claims against Defendant Equifax Information Services, LLC ("Equifax") for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681

*et seq.* (Doc. 1-1). The FCRA requires consumer reporting agencies, such as Equifax, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In order to state a claim under the FCRA against a CRA based on inaccurate information about her, Plaintiff must allege sufficient facts that plausibly show "that the CRA published an inaccurate consumer report to a third party, it failed to follow reasonable procedures to assure the maximum possible accuracy of its report, and the plaintiff suffered damages as a result." *Bailey v. Scana Energy Mktg.*, No. 1:18-cv-1725-AT-JKL, 2018 U.S. Dist. LEXIS 222903, at *23 (N.D. Ga. Dec. 20, 2018), *adopted by* 2019 U.S. Dist. LEXIS 44140 (N.D. Ga. Jan. 14, 2019). "The FCRA also requires a CRA to conduct a reasonable reinvestigation of disputed information." *Id*. (citing 15 U.S.C. § 1681i(a)). "A plaintiff asserting a § 1681i(a) reinvestigation claim must show that the consumer's credit report contains inaccurate or incomplete information, the plaintiff notified the CRA of the alleged inaccuracy, the dispute is not frivolous or irrelevant, the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items, and the failure to reinvestigate caused the plaintiff's damages." *Id*. at *23-24.

Plaintiff alleges the following in support of her FCRA claims: On May 1, 2023, Plaintiff and Continental Finance Company, LLC reached a settlement through arbitration, including the removal of the account in question from Plaintiff's

3

credit report, as shown in Exhibit A to Complaint. (Doc. 1-1 ¶ 12; *see also* Doc. 1-1 at 11-13). The furnisher provided a request for deletion to Equifax and other CRAs pursuant to the Automated Universal Dispute ("AUD") form on May 8, 2023, as shown by Exhibit B to Plaintiff's Complaint. (*Id*. ¶ 13; *see also* Doc. 1-1 at 15). Despite that request, the account continues to be reported by Equifax, as shown in Exhibit C to Plaintiff's Complaint, which are Equifax reports generated February 24, 2024 and June 5, 2024. (*Id*. ¶ 14; *see also* Doc. 1-1 at 17-20). Equifax not only reported the account after it was supposed to be deleted, but it also reported inaccurate information, i.e., the payment history of the account "showing a charged-off status followed by on-time payments, which is misleading and incorrect," and "the original creditor is being reported as "CKS 833 387 5604," but the original creditor was Continental Finance Company a/k/a "Celtic Bank." (*Id*. ¶¶ 15-18; *see also* Doc. 1-1 at 17-20). Plaintiff sent a dispute letter to Equifax on April 24, 2024, providing copies of Plaintiff's driver's license and Social Security card[1] and disputing the inaccurate reporting of the account, as shown by Exhibit D to Plaintiff's Complaint. (*Id*. ¶ 19; *see also* Doc. 1-1 at 22-23). Equifax responded by requesting additional documents to verify Plaintiff's identify, "despite having already received sufficient documentation." (*Id*. ¶ 20; *see also* Doc. 1-1 at 27-28).

---

[1] Plaintiff should take care in the future to properly redact such personally identifying information in her filings.

Plaintiff alleges in Count I that Equifax violated 15 U.S.C. § 1681e(b) by failing "to follow reasonable procedures to assure maximum possible accuracy by continuing to report inaccurate information regarding the account after being notified of the errors and the settlement agreement requiring its deletion." (*Id.* ¶¶ 22-24). In Count II, Plaintiff alleges that Equifax violated 15 U.S.C. § 1681i by failing "to conduct a reasonable reinvestigation of the dispute regarding the inaccurate reporting and the removal of the account." (*Id.* ¶¶ 26-27).

Liberally construing the allegations in Plaintiff's Complaint, the Court cannot find at this point that Plaintiff's action is frivolous or malicious. Therefore, the Court will allow this case to proceed as any other civil action. By allowing this action to proceed to service on Defendant, the Court makes no finding that Plaintiff's claim would necessarily withstand a motion to dismiss on any appropriate ground, including but not limited to failure to state a claim on which relief can be granted or statute of limitations, and the Court reaches no conclusions about possible defenses Defendant may assert. The Court is simply allowing the complaint to be served on Defendant, thus requiring a responsive pleading and/or motion. *See, e.g.*, *Livingston v. City of Syracuse*, No. 7:15-CV-475 (GLS/ATB), 2015 U.S. Dist. LEXIS 54261, at *8 (N.D. N.Y. Apr. 27, 2015) ("Based on the liberality with which pro se complaints are handled, this court will allow this action to proceed. This court makes

no finding as to the ultimate merits of the case or whether it would survive a motion to dismiss or one for summary judgment.").

The Clerk is hereby **DIRECTED** to send Plaintiff copies of the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, the summons, and the initial disclosures form and return them to the Clerk of Court within twenty (21) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request to Waive Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the Complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant. Defendant has a duty to avoid

unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the Complaint. Upon receipt of the service package, the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant's counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of her current address at all times during the pendency of this action. Plaintiff is cautioned that the failure to do so may result in the dismissal of this action.

The Clerk is further **DIRECTED** to **SEAL** the portion of Exhibit D containing copies of Plaintiff's driver's license and Social Security number (Doc. 1-1 at 23), and that document should remain under seal when the Clerk files Plaintiff's proposed Complaint.

**IT IS SO ORDERED** this 8th day of July, 2024.

*/s/ J. Clay Fuller*
J. CLAY FULLER
UNITED STATES MAGISTRATE JUDGE
